## Aetna Insurance Company v. City of Philadelphia

*Thomas C. DeLorenzo,* for plaintiff.
*Anthony J. Foglietta,* for City of Philadelphia.

WHITE, *J.,* June 22, 1984—Before the court is the motion for summary judgment filed on behalf of defendant, City of Philadelphia (city). Upon due consideration of the same as well as the answer of plaintiff in opposition thereto, said motion is granted. Accordingly, plaintiff's complaint is dismissed with prejudice.

In essence, plaintiff's complaint purports to state a cause of action for subrogation due to the damage sustained by plaintiff's insured allegedly occasioned by a water-main break. As a result of the incident above mentioned, plaintiff was required to pay to its insured an amount in the approximate sum of $163,000. As a further result of the damage sustained by plaintiff's insured, litigation was commenced against the city. That case, however, was settled upon a payment of $275,000.

The release executed by plaintiff's insured in favor of the city as part of the aforementioned settlement provides, inter alia:

"It is specifically agreed that this release does not release the City of Philadelphia or any other party or person from any subrogation claims which may be pressed by or on behalf of Aetna Insurance Company for those amounts paid . . . and further, it is specifically agreed . . . that Aetna is free to press or litigate a subrogation claim for those amounts against the city and that the city will be free to defend any subrogation claim pressed by Aetna Insurance Company."

Thus postured, we are required to determine whether plaintiff's complaint states a cause of ac-

tion against the city. We hold that it does not.

In pertinent part, 42 Pa.C.S. §8553 provides:

"(d) Insurance Benefits — If a claimant received or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant."

While we note that there has been negligible litigation construing this section, we are not without guidance with respect to the issues posed by the instant matter.

In Aetna Casualty and Surety Co. v. Borough of Hamburg, 22 D.&C.3d 454 (1982), the court determined that:

"Under the clear language of section 8553(d) of the act, the amount of insurance benefits paid to plaintiff's insured is to be deducted from the amount he would otherwise be entitled to recover in his claim asserted against the political subdivision. That being so, subrogation cannot now be used as a vehicle to accomplish indirectly that which is directly prohibited by statute . . . Here, the political subdivision's liability for damages is statutorily limited and therefore it is not obligated to pay plaintiff's insured. Certainly, plaintiff's right under subrogation rises no higher than the right of its insured." 22 D.&C.3d at 458.

Moreover, In Wunsch v. City of Erie, 25 D.&C.3d 742 (1983), the court determined this issue in a similar manner. In a thoughtful opinion, the court followed the guidance of Aetna Casualty and Surety Co. v. Borough of Hamburg, supra, concluding that there is no constitutional violation in the limitation of liability provisions of section 8355(d).

Accordingly, we choose to adopt the reasons set forth in Wunsch, supra, and Aetna Casualty and Surety Co., supra. Defendant's motion for summary judgment, therefore, is granted.